# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ISHANNA IBLE,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:22cv238-AW-MAF**

**ZILLOW HOME LOANS INC.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

In November 2022, the pro se Plaintiff was required to file a second amended complaint in compliance with Federal Rule of Civil Procedure 8(a) no later than December 29, 2022. ECF No. 13. Plaintiff did not comply, but instead, she belatedly filed a motion for an extension of time. ECF No. 14. Her motion was granted and Plaintiff was given until February 9, 2023, to submit a second amended complaint if there was a basis to do so. ECF No. 15. Plaintiff was also reminded to clarify whether or not she previously sued the Defendant or brought other litigation which relates to this case. *Id.* (citing ECF No. 7 at 3). She was again directed to Local Rule 5.6 which requires a party who files a case in this Court to also file a

notice if: (1) another case in this District "includes an identical claim - or a similar claim - between some or all of the same or related parties" that was "previously terminated by any means" or (2) this case "involves issues of fact or law in common with the issues in another case pending in the District."  N.D. Fla. Loc. R. 5.6.  As of this date, Plaintiff has not complied, despite the fact that Plaintiff was warned that a recommendation would be made to dismiss this case if she did not comply by the deadline provided. *Id.*  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See <u>Ciosek v. Ashley</u>, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially

where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority").  Here Plaintiff was forewarned and did not respond to a Court Order; dismissal is appropriate.  Furthermore, because Plaintiff already had a prior Report and Recommendation, ECF No. 9, entered for failure to prosecute, this recommendation should continue.  Plaintiff can initiated a new case if she desires to do so when she is able to meet Court deadlines.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2023.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.